269 P.2d 1064

### HUBBARD v. GEARE.

No. 5678.

Supreme Court of Arizona.

May 3, 1954.

Rehearing Denied May 25, 1954.

Moore & Romley, by Anthony T. Deddens, Phoenix, for appellee.

STANFORD, Justice.

Plaintiff Geare and defendant Hubbard entered into a written lease of certain premises. Defendant held the lease in question three days before signing it, and remained in possession of the premises under this lease for 33 months after signing it. Defendant had occupied the premises under two previous leases, one not yet expired at the time of signing the lease in question and the first lease for a period of three years. Before defendant began his term of occupancy under the lease in question he had employed a plumber to do work upon a sewage pipe from which gaseous odors escaped and which, at times, caused flooding of the premises. Under the lease in question (which is the last lease) defendant made replacements of the pipe, which replacing required that some of the concrete floor be torn up and relaid.

It is defendant's contention that before the last lease was signed, plaintiff advised defendant that she had influence over the superintendent of the state liquor department which would prevent defendant from transferring to some other business location, and that plaintiff further informed defendant that if he would not sign the lease in question, she would rent the premises to someone else for a higher rate. Fifteen months after the last lease was executed, defendant admits he consulted the state su-

Whitney, Ironside & Whitney and Leslie C. Hardy, Phoenix, for appellant.

perintendent of the liquor department, over whom plaintiff purported to have influence, and discovered that plaintiff had no such influence and defendant could move his license to a new location. This took place eighteen months before defendant quit the premises. Six months after this conversation defendant purchased a lot across the street from the premises herein. He began construction of a new business establishment on his new lot. One year after this conversation with the man in the liquor department, defendant employed an attorney to break the lease, and eighteen months after the conversation he moved to his new establishment.

Plaintiff brought suit for rent due under the terms of the lease. Defendant alleged as defense and counterclaim numerous facts which boiled down to the following: since plaintiff did not keep the sewage pipe in repair, and since the pipe flooded the establishment and emitted gaseous odors, the premises were rendered unfit for occupation, resulting thereby in a constructive eviction. Also, defendant alleged that the lease was entered into as a result of such "influence, fear, duress" and "business compulsion" on the part of plaintiff that the lease in question was void ab initio; that it was only because of such things stated that defendant remained in possession of the premises.

■ Trial was had, whereupon the plaintiff offered evidence of a breach of the lease. This was followed by defendant's evidence. At the close of defendant's evidence the trial court instructed the jury to return a verdict for the plaintiff on her complaint and against the defendant on his answer and counterclaim. Judgment was rendered thereon in favor of plaintiff in the sum of $7,200. Defendant moved for a new trial which was denied. Upon appeal he presents many assignments of error. However, it is not necessary to detail them for the reason that defendant's own evidence as condensed above showed that he had ratified the lease in question. The general rule as to ratification is set forth in 35 A.L.R. 868, as follows:

"One entitled to repudiate a contract on the ground of duress should, like one who attempts to repudiate a contract on the ground of fraud, act promptly. Silence, delay, acquiescence, or the retention of the fruits of the agreement for any considerable length of time, constitute a complete and irrevocable ratification of the transaction."

See also 17 C.J.S. Contracts, § 445, page 927; Vol. 2 Restatement of the Law of Contracts, Section 483, p. 921.

■ A contract entered into under duress may be ratified and become binding as stated in Vol. 2, Restatement of the Law of Contracts, Section 484, p. 924:

"The power of avoidance for fraud or misrepresentation (here in the case of duress) is lost if the injured party

after acquiring knowledge of the fraud or misrepresentation (here after the duress has been removed) manifests to the other party to the transaction an intention to affirm it, or *exercises dominion over things restoration of which is a condition of his power of avoidance, * * *.*" (Emphasis supplied)

Defendant's remaining in possession of the premises eighteen months after discovering that plaintiff's threat of influence with the superintendent of the liquor department was hollow, was ample to remove any doubt in the mind of the trial court that he was not afraid of plaintiff's threat. He remained in possession under a lease, which he contemplated breaking, until he at his own convenience could establish his business elsewhere. It is fundamental that a contract entered into under duress is not void ab initio but is voidable. Such being the case defendant who seeks to void his contract with plaintiff, even if the contract were executed under duress, had to act within a reasonably prompt time after the alleged duress was exercised.

Secondly, there was no constructive eviction in this case. The contract provides that defendant will at his own expense "make any and all alterations and repairs which may become necessary". In the case of Friedman v. Le Noir, 73 Ariz. 333, 241 P.2d 779, this court discussed the meaning of the words "alterations and repairs". A reading of the Friedman case, supra, would indicate without a doubt that defendant's work done concerning the sewage pipe was nothing more than either a repair or an alteration, thereby such work falls within the accepted covenants of the contract that defendant "make any and all alterations and repairs which may become necessary". Certainly defendant by his actions has shown, when he had previously uncomplainingly contracted for repair work to be done concerning this pipe, under previous leases and the lease in question, that he himself considered it his obligation to make such repairs.

The defense of duress is lost when the evidence, as here, clearly shows an acceptance of the lease for a period of 33 months after the duress was claimed to have been excercised, and plaintiff not being guilty of a constructive eviction, the trial court properly directed a verdict for plaintiff.

Judgment affirmed.

PHELPS, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.